IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATOL SCRUGGS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-1514 |
| | ) | |
| ARTHUR T. McQUILLIAN, | ) | |
| | ) | |
| Defendant | ) | Judge Joy Flowers Conti/ |
| | ) | Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed before service for failing to state a claim upon which relief can be granted pursuant to the authority given to courts by the Prison Litigation Reform Act, 28 U.S.C. § 1915A.

REPORT

Natol L. Scruggs, ("Plaintiff"), while a state prisoner, has filed a civil rights action against Arthur T. McQuillan, the attorney who represented him in the course of his state Post Conviction Relief Act ("PCRA") proceedings. Plaintiff seeks to sue Attorney McQuillan under 42 U.S.C. § 1983 for his alleged ineffectiveness in filing a no-merit letter with the PCRA court and in seeking to withdraw as counsel. Because Attorney McQuillan does not act under color of state law as is required to state a claim under Section 1983, the complaint should be dismissed pre-service. Alternatively, because Plaintiff has no federal right to effective assistance of counsel in state PCRA proceedings, he cannot state a claim under Section 1983, which redresses violations of

federal rights.

> A. **Relevant Procedural History**

On November 8, 2007, Plaintiff, who was incarcerated at the State Correctional Institution at Fayette (SCI-Fayette), filed a motion for leave to proceed in forma pauperis, Dkt. [1], accompanied by a proposed civil rights complaint which made a claim under Section 1983. The motion for leave to proceed IFP was granted, Dkt. [3], and the proposed complaint was filed. Dkt. [5].

> B. **Plaintiff's Complaint**

On April 5, 2006, Attorney McQuillan was appointed to represent Plaintiff in his PCRA proceedings. Attorney McQuillan filed a no-merit letter with the PCRA trial court and a request for leave to withdraw. The PCRA trial court granted Attorney McQuillan's request to withdraw and denied the PCRA petition. Thereafter, Petitioner filed a pro se appeal to the Superior Court. The Superior Court agreed with Petitioner's arguments that his sentences for some of his crimes merged and therefore, the Superior Court vacated Petitioner's judgment of sentence and re-sentenced him. The Superior Court specifically noted that the PCRA trial court had erred in finding the no-merit letter persuasive and in granting Attorney McQuillan leave to withdraw. Dkt. [4] at 16.

Thereafter, Plaintiff initiated this suit, alleging that Attorney McQuillan was ineffective in filing the no-merit letter and seeking to withdraw from representing Plaintiff in the PCRA proceedings. Specifically, Plaintiff alleges that Attorney McQuillan violated his Sixth and Fourteenth Amendment rights to effective assistance of counsel in the PCRA proceedings by the filing of the no-merit letter and seeking to withdraw. Dkt. [4] at 4, ¶ 29 ("The Actions of

Defendant Arthur T. McQuillan in filing a no-merit letter when Superior Court clearly indicated that he should not had file [sic] such a letter constitutes a deprivation of plaintiff's Sixth and Fourteenth Amendment [rights] to the United States Constitution.").

C.     **Applicable Legal Standards**

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, Plaintiff has been granted IFP status, Dkt. [3], and is a prisoner within the meaning of 28 U.S.C. § 1915.[1] Thus, Section 1915(e)(2) is applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d

---

[1] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

Dismissal is proper under Rule 12(b)(6), and hence, under 28 U.S.C. § 1915(e), where the court determines that the facts as alleged by the plaintiff taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) ("In a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing

4

them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law.").

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must meet two threshold requirements. He must allege: (1) that the asserted misconduct was committed by a person acting under color of state law; and (2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

**C. Discussion**

Even reading Plaintiff's complaint liberally, the complaint fails to state a claim against Attorney McQuillan, because the acts of a criminal defendant's attorney or a state PCRA petitioner's attorney are not acts committed under color of state law as is required to state a claim under Section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980).

In Polk County, a convict sued his public-defender-appellate counsel who moved to withdraw as appellate counsel because the public defender concluded that an appeal would be frivolous. The convict sued the public defender under Section 1983, claiming that her actions in moving to withdraw violated his right to counsel and, in failing to zealously advocate on his behalf, subjected him to cruel and unusual punishment and denied him due process of law. Id. at 315. Noting that to sustain a Section 1983 cause of action, it is necessary that the complaint reveal that the defendant acted under color of state law, the court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel

5

to a defendant in a criminal proceeding. Because it was based on such activities, the complaint against Shepard [the public defender] must be dismissed." Id. at 325.

Likewise here, the complaint reveals liability premised only upon Defendant McQuillan's actions or inactions in connection with his performing a lawyer's traditional functions as counsel to the criminal defendant or state post conviction relief petitioner. Reading the complaint liberally, it appears that Plaintiff complains of both acts and omissions by Defendant McQuillan in the course of acting as Plaintiff's PCRA counsel. Nevertheless both an attorney's actions and failures to act in the course of representing a state post conviction petitioner fall within Polk County's ambit of "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and thus are not accomplished "under color of state law." See, e.g., Smith v. Haith, 978 F.2d 1261 (Table), 1992 WL 311787, at *5 (7th Cir. 1992)("This principle [i.e., public defenders are not state actors] was applied in *Cornes v. Munoz*, 724 F.2d 61 (7th Cir. 1983), where a claim that a public defender was guilty of legal malpractice because of the failure to include certain claims on appeal was dismissed for failure to allege action 'under color of state law.'"). Indeed, even accusations of malfeasance[2] in the course of representing a criminal defendant or a petitioner pursuing PCRA relief, are not enough to render the actions of a that attorney cognizable in a Section 1983 suit. See e.g., Ponchik v. Kloak, No. 89 C 7319, 1989 WL 134683, at *1 (N.D. Ill. Oct. 19, 1989)("Consequently [plaintiff-] Ponchik's allegations of malfeasance on [Attorney] Kloak's part do not give rise to a claim cognizable under this Court's federal-question jurisdiction."). Because the complaint fails to allege a cause of action under

---

[2] Malfeasance is defined as "Evil doing, ill conduct. The commission of some act which is positively unlawful; the doing of an act which is wholly wrongful and unlawful. . . ." Black's Law Dictionary 862 (5th ed. 1979).

Section 1983 against Attorney McQuillan, the complaint should be dismissed.[3] See, e.g., Clark v. Vernon, 228 Fed.Appx. 128, 131 (3d Cir 2007)(dismissing Section 1983 claim against, inter alia, a court-appointed counsel who represented the Plaintiff in the course of PCRA proceedings because such counsel does not act under color of state law); Hull v. Mallon, No. 00-5698, 2001 WL 964109, at *1 (E.D.Pa. Aug. 21, 2001) ("A court-appointed defense attorney is not a state actor and his conduct is not state action for purposes of § 1983. Thus, however deficient counsel's representation of plaintiff on his PCRA petition may have been, it would not constitute a constitutional violation.")(citations omitted).

In the alternative, even if Attorney McQuillan could be considered to have acted under color of state law, Plaintiff fails to state a claim for relief under Section 1983 because Attorney McQuillan's ineffectiveness (assuming, without deciding he was ineffective) during his representation of Plaintiff in the course of the state PCRA proceedings, simply did not deprive Plaintiff of any federal rights to effective assistance of counsel and Section 1983 requires the deprivation of federal rights. This is because Plaintiff had no Sixth or Fourteenth Amendment due process rights to effective assistance of counsel. See Wainwright v. Torna, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective

---

[3] The complaint does not make entirely clear whether Attorney McQuillan is a public defender or a court-appointed attorney (other than from the public defender's office) or is privately retained. This ambiguity does not matter because a criminal defense attorney does not act under color of state law irrespective of whether he is a public defender, a court-appointed private attorney or a privately retained attorney. See, e.g., Ward v. Ghee, 8 F.3d 823 (Table), 1993 WL 410357, at *1 (4th Cir. 1993)("Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether privately retained, *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982), or employed as public defenders, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).").

assistance); Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.") (citations omitted); Hull v. Freeman, 991 F.2d 86, 91 (3d Cir. 1993)("Under Coleman,. . . the Sixth Amendment does not entitle a defendant to post-conviction counsel"). Nor does Plaintiff have any Fourteenth Amendment due process right to counsel on post conviction relief proceedings, notwithstanding that state law may have provided that he had a right to counsel on post conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Pursell v. Horn, 187 F.Supp.2d 260, 372-73 (W.D. Pa. 2002). As Plaintiff has no Federal Constitutional right to counsel, no matter what conduct Attorney McQuillan engaged in or failed to engage in during the course of the post conviction proceedings, such conduct cannot serve as the basis for liability under Section 1983.

Accordingly, for either or both of the foregoing reasons, the complaint fails to state a claim upon which relief can be granted and therefore, must be dismissed pursuant to the PLRA.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                Respectfully submitted,

                                                */s/  Amy Reynolds Hay*
                                                United States Magistrate Judge

Dated: 7 January, 2008


cc: The Honorable Joy Flowers Conti
United States District Judge

Natol L. Scruggs
FP2271
Box 9999
SCI -Fayette
La Belle, PA 15450-0999